IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BARRY SMITH, #29125-034                                                                          PETITIONER

VERSUS                                                             CIVIL ACTION NO. 5:13-cv-8-DCB-MTP

ARCHIE B. LONGLEY, WARDEN                                                                      RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Barry Smith, an inmate at the Federal Correctional Camp (FCC), Yazoo City, Mississippi, filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241 on January 14, 2013. Upon review of the Petition [1], Response [4] and applicable case law, the Court comes to the following conclusion.

I.      Background

Petitioner entered a guilty plea on June 15, 2005, in the United States District Court for the Eastern District of Louisiana to the criminal charges of possession with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1). Resp. [4] at 1; Pet. [1] at 3. Petitioner received a 188-month sentence for the conviction of possession with intent to distribute cocaine base and a 60-month sentence for possession of firearms in furtherance of drug trafficking. Resp. [4] at 1. These sentences are to run consecutively. *Id.*

In the instant § 2241 habeas, Petitioner bases his habeas request on his contention that he is actually innocent of the criminal charge of possession of a firearm in furtherance of a drug trafficking crime because there was no evidence submitted linking the drugs and the guns. Pet. [1] at 5. Petitioner asserts that he "had no knowledge of the elements of the offense of possession of firearms in furtherance of drug trafficking crime, in violation of 18 U.S.C.

§ 924(c)(1), when he entered his plea." *Id.* More specifically, Petitioner claims that the decision of *Herrera v. Collins*, 506 U.S. 390 (1993) supports his request for § 2241 habeas relief. Based on *Herrara,* Petitioner argues that "federal constitutional claims [must be] considered on the merits if he makes a proper showing of actual innocence." *Herrara*, 506 U.S. at 404.

## II. Analysis

A petitioner may attack the manner in which his sentence "is carried out or the prison authorities' determination of its duration" pursuant to 28 U.S.C. § 2241, and a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A motion filed pursuant to "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)). As noted by the Fifth Circuit Court of Appeals, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

In the instant case, Petitioner challenges matters that occurred at or prior to being convicted and sentenced. Petitioner's request for habeas relief is not, therefore, properly asserted under § 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. There is, however, an exception to this general rule. A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th

Cir. 2002).

The United States Court of Appeals for the Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, has held the savings clause of § 2255 will apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner argues that he is "actually innocent" of the crime of possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1) because the decision of *Bailey v. United States*, 516 U.S. 137 (1995) provides that mere possession of a firearm is not sufficient to sustain a conviction under 18 U.S.C. § 924(c)(1). Petitioner entered his guilty plea on June 16, 2005, and was sentenced on January 4, 2006. *United States v. Smith*, No. 2:04-cr-339-MVL-JCW (E.D. La. Jan. 17, 2006). The decision in *Bailey* was issued in 1995. Thus, *Bailey* was not "foreclosed by circuit law" at the time of Petitioner's trial, direct appeal or a first § 2255 motion. *See Thomas v. Bureau of Prisons*, No. 01-60831, 37 Fed. App'x 712, 2002 WL 1220295, at *1 (5th Cir. 2002) (holding that petitioner's reliance on a United States Supreme Court opinion that was available at his sentencing and on direct appeal fails to meet the 'savings clause' requirements).

Petitioner also asserts that because he is "actually innocent," as provided by the decision of *Herrera v. Collins*, 506 U.S. 390 (1993), this Court must vacate and set aside his conviction of possession of firearms in furtherance of drug trafficking. Pet. [1] at 6-7,10. This Court is not persuaded by Petitioner's arguments. As discussed above, the decision of *Bailey* has been

3

available to Petitioner before, during and after his conviction and sentence. Petitioner's habeas petition based on his claim of "actual innocence" is found to be without merit.

Finally, it is worth noting that Petitioner filed an unsuccessful § 2255 motion in the sentencing court. *See* Resp. [4] at 2. The lack of success under § 2255 fails to establish that the § 2255 remedy is "inadequate or unavailable." *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)). Likewise, the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Id.*

This Court finds that to the extent that this claim should be construed as a motion pursuant to § 2255, such a motion must be filed in the sentencing court. *Pack*, 218 F.3d at 452, *see also* 28 U.S.C. § 2255(a). Petitioner was sentenced in the United States District Court for the Eastern District of Louisiana and therefore he is required to pursue his § 2255 motion in that court. This Court lacks jurisdiction to consider the motion.

**III. Conclusion**

As stated above, Petitioner does not meet the "savings clause" of § 2255 and his additional arguments that he should be allowed to proceed with the instant habeas petition are without merit. Consequently, this Petition [1] for relief pursuant to § 2241 is dismissed with prejudice as frivolous, and, to the extent that the Petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction. *See Ojo*, 106 F.3d at 683.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  6th   day of March, 2013.

                                       s/David Bramlette
                                       UNITED STATES DISTRICT JUDGE